**McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Eaton Corporation,
as successor-in-interest to Eaton Electrical, Inc.
and Cutler-Hammer, Inc.
nmcdonald@mdmc-law.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------- X

| | |
|---|---|
| FRANK S. LA FAUCI and LUCILLE LA FAUCI, <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY f/k/a Minnesota Mining & Manufacturing Co., et al., <br><br> Defendants. | MDL DOCKET NO.: 875 <br><br> Civil Action No. 2:11-cv-66336-ER <br><br> Related Case No. 1:11-cv-03507-TPG <br><br><br> **AMENDED ANSWER, SEPARATE DEFENSES AND CROSS-CLAIMS IN RESPONSE TO PLAINTIFFS' COMPLAINT** |

-------------------------------------------------------- X

Defendant Eaton Corporation, as successor-in-interest to Eaton Electrical, Inc. and Cutler-Hammer, Inc. (improperly pled as Eaton Electrical, Inc., f/k/a Cutler Hammer) ("Eaton"), by its attorneys McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby responds to plaintiffs' Complaint as follows:

1.      Except to admit that it is a duly organized corporation that has done business in the State of New York, Eaton denies all allegations contained in the Levy, Phillips & Konigsberg Standard Asbestos Complaint No. 1, which plaintiffs adopted by reference in their Complaint, as if fully set forth at length herein.

2.      Eaton lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of plaintiffs' Complaint and leaves plaintiffs to their proofs.

3.      Eaton denies each and every allegation of Paragraph 3 of plaintiffs' Complaint to the extent they are directed towards it.

### AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The answering defendant is free of any and all negligence.

### SECOND SEPARATE DEFENSE

Damages, if any, were the result of the sole negligence of the plaintiffs.

### THIRD SEPARATE DEFENSE

Damages, if any, which may have been sustained by the plaintiffs, and for which this defendant may become liable, were the result of the actions of third-parties over whom the answering defendant exercised no control and, therefore, plaintiffs are barred from any recovery against the answering defendant.

### FOURTH SEPARATE DEFENSE

Any damages or injuries, which may have been sustained by the plaintiffs, were the result of the sole negligence of the remaining defendants and/or third-party defendants.

### FIFTH SEPARATE DEFENSE

Plaintiffs were aware of the facts, circumstances and conditions existing at the time and place set forth in plaintiffs' Complaint and voluntarily assumed all risk arising therefrom.

### SIXTH SEPARATE DEFENSE

The answering defendant did not make, nor did it breach any warranty to the plaintiffs.

**SEVENTH SEPARATE DEFENSE**

The incident and injury alleged in plaintiffs' Complaint were caused by the unauthorized, unintended and improper use of the product complained of and as a result, there can be no recovery.

**EIGHTH SEPARATE DEFENSE**

The answering defendant purchased or obtained a product from a reputable manufacturer, and any defect therein was latent and not ascertainable by or upon a reasonable inspection.

**NINTH SEPARATE DEFENSE**

Any product which may have been supplied by this defendant was in a sealed container and was sold without modification, change or alteration of any kind.

**TENTH SEPARATE DEFENSE**

Plaintiffs failed to give the defendant notice of alleged breach of warranty and damage as required by law.

**ELEVENTH SEPARATE DEFENSE**

Any liability which might otherwise be imposed upon the answering defendant is subject to reduction or barred by virtue of the doctrine of comparative negligence.

**TWELFTH SEPARATE DEFENSE**

The answering defendant hereby invokes the provisions of Article 16 of the New York CPLR and requests that the jury herein be charged accordingly.

**THIRTEENTH SEPARATE DEFENSE**

The actions of the plaintiffs are barred by the Statute of Limitations.

## FOURTEENTH SEPARATE DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief can be granted as against the answering defendant.

## FIFTEENTH SEPARATE DEFENSE

The answering defendant reserves the right to move at any time prior to the trial date of the above matter to dismiss the plaintiffs' Complaint on the following grounds: (a) the court lacks jurisdiction over the subject matter; (b) the court lacks personal jurisdiction of this defendant; and (c) the plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SIXTEENTH SEPARATE DEFENSE

This defendant complied with the state of the art and is, therefore, immune from suit.

## SEVENTEENTH SEPARATE DEFENSE

The doctrine of strict liability in tort does not apply to this answering defendant.

## EIGHTEENTH SEPARATE DEFENSE

The plaintiffs' employer and employers of others are primarily, solely and exclusively liable for the within claims.

## NINETEENTH SEPARATE DEFENSE

The discovery rule does not apply and plaintiffs are barred from maintaining the within suit.

## TWENTIETH SEPARATE DEFENSE

Any asbestos or asbestos-containing products which this defendant may have supplied were de minimis in light of the total sales by all sources and, therefore, plaintiffs fail to state a claim against the answering defendant.

**TWENTY-FIRST SEPARATE DEFENSE**

Any damage or injury that may have been suffered by the plaintiffs was not proximately caused by the conduct of the answering defendant.

**TWENTY-SECOND SEPARATE DEFENSE**

This defendant never manufactured, sold, or distributed any asbestos-containing material which caused plaintiffs' exposure to asbestos.

**TWENTY-THIRD SEPARATE DEFENSE**

This defendant is an improper party in this litigation.

**TWENTY-FOURTH SEPARATE DEFENSE**

All claims brought under New York Law, L.1986 c. 682 Section 4 (enacted July 31, 1986) are time-barred in that said statute is in violation of the Constitution of the United States and the Constitution of the State of New York.

**TWENTY-FIFTH SEPARATE DEFENSE**

The answering defendant has no knowledge or reason to know of any alleged risks associated with asbestos and/or asbestos-containing products at any time during the periods complained of.

**TWENTY-SIXTH SEPARATE DEFENSE**

Exposure to asbestos fibers attributable to this defendant is so minimal so as to be insufficient to establish to a reasonable degree of probability that the products are capable of causing injury or damages and must be considered speculative as a matter of law.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Plaintiffs' cause of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiffs' demand for punitive damages is barred by the due process clauses of the Fourteenth Amendment of the United States Constitution and the New York State Constitution.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiffs' demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 5 of the New York State Constitution prohibiting the imposition of excessive fines.

## THIRTIETH SEPARATE DEFENSE

Plaintiffs' demand for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 6 of the New York State Constitution.

## THIRTY-FIRST SEPARATE DEFENSE

If plaintiffs sustained injuries in the manner alleged, all of which has been denied by this defendant, the liability of this defendant if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

## THIRTY-SECOND SEPARATE DEFENSE

At all times relevant to this litigation, the agents, servants and/or employees of this defendant utilized proper methods in the conduct of its operations, in conformity with the available knowledge and research of the scientific and industrial communities.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiffs contributed to the illness, either in whole or in part, by exposure to or the use of tobacco products and/or other substances, products, medications or drugs.

### THIRTY-FOURTH SEPARATE DEFENSE

To the extent any plaintiffs herein brings suit in a representative capacity, such plaintiffs have failed to allege sufficient facts to demonstrate legal capacity to sue pursuant to New York Estate Powers and Trusts Law § 5-41.

### THIRTY-FIFTH SEPARATE DEFENSE

The purported service upon the answering defendant in this action was not proper, and as a result, this Court lacks personal jurisdiction over the answering defendant.

### THIRTY-SIXTH SEPARATE DEFENSE

Upon information and belief, any alleged injuries were caused by a pre-existing or unrelated medical condition, disease or illness of the plaintiffs.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred because any product allegedly associated with the answering defendant was substantially altered after it left the manufacturer's possession and control.

### THIRTY-NINTH SEPARATE DEFENSE

The answering defendant has no legal duty of care to plaintiffs.

### FORTIETH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed to mitigate damages.

### FORTY-FIRST SEPARATE DEFENSE

In the event that plaintiffs recover a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced by those amounts which have been paid or

indemnified or will, with reasonable certainty, be paid or indemnified to any plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source including insurance, social security, workers compensation or employee benefit programs.

## FORTY-SECOND SEPARATE DEFENSE

The answering defendant hereby invokes the provisions of the New York CPLR § 4545 and requests that any damage award, if any, in favor of any plaintiffs be reduced accordingly.

## FORTY-THIRD SEPARATE DEFENSE

Plaintiffs have improperly joined claims of multiple parties in violation of Articles 6 and 10 of the New York CPLR and all improperly joined or misjoined parties and/or claims must be severed and tried separately.

## FORTY-FOURTH SEPARATE DEFENSE

The answering defendant hereby invokes the provisions of Article 50-B of the New York CPLR.

## FORTY-FIFTH SEPARATE DEFENSE

In the event of a finding of any liability in favor of plaintiffs, or settlement, or judgment against any defendant, then the answering defendant should be held liable, if at all, only for the proportion of damages sustained by plaintiffs, if any, as is determined by the jury to be the result of the allocable percentage of fault or negligence on the part of the answering defendant.

## FORTY-SIXTH SEPARATE DEFENSE

To the extent that plaintiffs allege claims based upon oral warranties or representations, plaintiffs' claims are barred by the Statute of Frauds.

## FORTY-SEVENTH SEPARATE DEFENSE

The answering defendant cannot be liable to plaintiffs as alleged in the plaintiffs' Complaint by operation of the doctrines of superseding and/or intervening cause.

## FORTY-EIGHTH SEPARATE DEFENSE

The answering defendant intends to rely upon such other defenses as may be available or apparent during discovery proceedings in this case and hereby reserves the right to amend the Answer to plead said defenses.

## FORTY-NINTH SEPARATE DEFENSE

No acts or omissions of this defendant proximately caused any damages.

## FIFTIETH SEPARATE DEFENSE

Any asbestos-containing product of this answering defendant that may have been present at plaintiffs' job locations were placed in any such buildings upon specification, approval or at the instruction of governmental or legislative agencies or bodies.

## FIFTY-FIRST SEPARATE DEFENSE

All implied warranties, including the warranties of merchantability and fitness for a particular purpose, were excluded at the time of the sale, if any, of the answering defendant's product.

## FIFTY-SECOND SEPARATE DEFENSE

No implied warranties, including the warranties of merchantability and fitness for a particular purpose, became part of the basis of the bargain in the sale, if any, of the answering defendant's product.

### FIFTY-THIRD SEPARATE DEFENSE

This defendant is not liable to plaintiffs for any damages alleged in the plaintiffs' Complaint because such damages are excluded and not recoverable under express warranty.

### FIFTY-FOURTH SEPARATE DEFENSE

The plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from the answering defendant and the plaintiffs did not either receive or rely upon any representation or warranty allegedly made by the answering defendant.

### FIFTY-FIFTH SEPARATE DEFENSE

Finished asbestos-containing products are not unreasonably dangerous as a matter of law.

### FIFTY-SIXTH SEPARATE DEFENSE

None of the alleged injury or damage was foreseeable at the time of the plaintiffs' Complaint because of acts or omissions in plaintiffs' Complaint.

### FIFTY-SEVENTH SEPARATE DEFENSE

The answering defendant was under no duty to warn purchasers, those who performed work, or those under their control who were in a better position to warn; if warning was required, their failure to do so was a superseding proximate cause of injury.

### FIFTY-EIGHTH SEPARATE DEFENSE

Plaintiffs were warned of risk of exposure to use of asbestos-containing materials.

### FIFTY-NINTH SEPARATE DEFENSE

Upon information and belief, some or all of the causes of action may not be maintained because of collateral estoppel.

## SIXTIETH SEPARATE DEFENSE

Upon information and belief, some or all of the causes of action may not be maintained because of res judicata.

## SIXTY-FIRST SEPARATE DEFENSE

Plaintiffs' claims are barred because the plaintiffs' Complaint is defective as a matter of law.

## SIXTY-SECOND SEPARATE DEFENSE

Pursuant to General Obligations Law Section 15-108, this defendant is entitled to set-off.

## SIXTY-THIRD SEPARATE DEFENSE

If the causes of action, based upon statutory liability as pleaded in plaintiffs' Complaint, are based upon expressed or implied warranties and/or representations, then the alleged breaches thereof, as against this answering defendant, are legally insufficient by reason of their failure to allege privity of contract between the plaintiffs and this answering defendant.

## SIXTY-FOURTH SEPARATE DEFENSE

That insofar as the causes of action herein considered separately occurred before September 1, 1975, such causes of action are barred by reason of the contributory negligence of the plaintiffs.

## SIXTY-FIFTH SEPARATE DEFENSE

Plaintiffs are barred from any recovery against this answering defendant by the doctrine of assumption of the risk.

1632581

## SIXTY-SIXTH SEPARATE DEFENSE

In the event that plaintiffs were employed by this answering defendant, such plaintiffs' sole remedy is under the Workers' Compensation Law and said plaintiffs cannot recover from this defendant in this action.

## SIXTY-SEVENTH SEPARATE DEFENSE

That the plaintiffs' employer(s) were sophisticated purchasers and/or users of the products referred to in plaintiffs' Complaint and upon who devolved all responsibility for such use.

## SIXTY-EIGHTH SEPARATE DEFENSE

This answering defendant reserves the right to amend its answer and to assert additional crossclaims and/or otherwise counterclaims as to any party named herein, who may have, is or will be declared bankrupt or otherwise files a petition under the Bankruptcy Code, pursuant to Article 16 of the N.Y. Civ.Prac. L. & R. and Tancredi v. A.L. & S., Inc., et al., 6 A.D. 3d 352, 775 N.Y.S. 2d 520 (1st Dep't. 2001).

## SIXTY-NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred because of plaintiffs' failure to join necessary and indispensable parties.

## SEVENTIETH SEPARATE DEFENSE

That no enterprise liability lies against this answering defendant herein.

## SEVENTY-FIRST SEPARATE DEFENSE

This defendant did not act with recklessness, malice or wantonness, and accordingly, plaintiffs may not recover herein any exemplary or punitive damages against this defendant.

### SEVENTY-SECOND SEPARATE DEFENSE

That insofar as the plaintiffs allege as against this answering defendant, any willful and wanton misconduct, and that this defendant allegedly knowingly and intentionally sold a product or products that it knew to be unreasonably dangerous, all of which this defendant denies, any such cause of action or causes of action accrued more than one year prior to the commencement of this lawsuit and are time-barred.

### SEVENTY-THIRD SEPARATE DEFENSE

That at all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any avoidable, unsafe, inherently dangerous, or hazardous character or nature of products containing asbestos when used in the manner and purpose described by the plaintiffs and, therefore, there was no duty for this answering defendant to know of any such character or nature or to warn plaintiffs or others similarly situated.

### SEVENTY-FOURTH SEPARATE DEFENSE

To the extent that this answering defendant conformed to the scientific knowledge and research data available through the industry and scientific community, this defendant this defendant has fulfilled its obligations, if any, herein and plaintiffs' claims should be barred, in whole or in part.

### SEVENTY-FIFTH SEPARATE DEFENSE

That plaintiffs have failed to state a cause of action upon which relief may be granted, inasmuch as plaintiffs are unable to identify the manufacturer(s) of the substance allegedly causing injury, and relief granted would deprive this defendant of its right to substantive and

procedural due process of law and equal protection under the law pursuant to the Fourteenth Amendment of the Constitution of the United States.

## SEVENTY-SIXTH SEPARATE DEFENSE

That the plaintiffs, their co-workers and employees misused, mistreated and misapplied the product(s) designated as asbestos materials as alleged in plaintiffs' Complaint and therefore liability found against this defendant, if any, should be diminished in the proportion which the misuse, abuse, mistreatment and/or misapplication attributed to the plaintiffs and/or his co-workers and/or employees bears to the conduct which caused the alleged injuries or damages.

## SEVENTY-SEVENTH SEPARATE DEFENSE

That the causes of action asserted herein by the plaintiffs, who are unable to identify the manufacturer of the alleged injury-causing product(s), fail to state a cause of action upon which relief can be granted, in that plaintiffs have asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation.  Such a taking would contravene this answering defendant's constitutional rights as preserved for it by the Fourteenth Amendment to the Constitution of the United States.

## SEVENTY-EIGHTH SEPARATE DEFENSE

That the plaintiffs' injuries were caused, either in whole or part, by the general condition, quality and content of the air and/or environment in the New York metropolitan area.

## SEVENTY-NINTH SEPARATE DEFENSE

That if it should be proved at the time of trial that any of the answering defendant's product(s) were furnished to plaintiffs' employer(s) and/or to the United States Government, and that plaintiffs came into contact with said product(s), which this defendant specifically denies, then any product(s) processed, manufactured, produced, constructed, designed, tested, fashioned,

packaged, sold, distributed, delivered, supplied, advertised and/or otherwise placed in the stream of commerce by this defendant which was or may have been furnished to plaintiffs' employer(s) and/or to the United States Government, and with which plaintiffs allege they came or may have come into contact was processed, manufactured, produced, constructed, designed, tested, fashioned, packaged, sold, distributed, delivered, supplied, advertised and/or otherwise placed in the stream of commerce were in strict conformity to the conditions specified, or to specifications furnished by the plaintiffs' employer(s) and/or the United States Government.

## EIGHTIETH SEPARATE DEFENSE

That to the extent that the causes pleaded by the plaintiffs herein fail to accord with the Uniform Commercial Code, including, but not limited to, Section 2-725 thereof, plaintiffs' Complaint is barred.

## EIGHTY-FIRST SEPARATE DEFENSE

That to the extent that plaintiffs rely on Section 4 of the New York Laws 1986, c.682 as grounds for reviving or maintaining the action, said statute(s) is/are unconstitutional and deprive(s) the answering defendant of its constitutional rights and is/are wholly void and unenforceable.

## EIGHTY-SECOND SEPARATE DEFENSE

That to the extent the plaintiffs seek punitive damages against this answering defendant, and rely on Section 4 of the New York Laws 1986, c. 682 as grounds for reviving and maintaining the action, such damages are improper and are not authorized by law since this statute does not revive any claims for punitive damages, leaving such claims time-barred in their entirety.

1632581

### EIGHTY-THIRD SEPARATE DEFENSE

That these actions and the causes pleaded by the plaintiffs herein are barred by virtue of Article 1, Section 10 of the United States Constitution.

### EIGHTY-FOURTH SEPARATE DEFENSE

That pursuant to the Case Management Order Section XVII, punitive damages are not available in this action.

### EIGHTY-FIFTH SEPARATE DEFENSE

That plaintiffs' demand for punitive damages is barred by the "ex post facto" clause of the United States Constitution.

### EIGHTY-SIXTH SEPARATE DEFENSE

That with respect to plaintiffs' claim of a duty owed to them, this answering defendant denies breaching any duty which it may have owed to the plaintiffs.

### EIGHTY-SEVENTH SEPARATE DEFENSE

This answering defendant reserves the right to move for a severance of the various allegations in the plaintiffs' Complaint.

### EIGHTY-EIGHTH SEPARATE DEFENSE

That plaintiff-spouses' loss of consortium claim(s) is/are barred as a matter of law because the alleged asbestos exposure by the plaintiffs predates the date of the plaintiffs' and plaintiff-spouses' marriage.

### EIGHTY-NINTH SEPARATE DEFENSE

The answering defendant incorporates and adopts by reference any and all other and/or additional defenses, raised or to be raised by any other party, and expressly reserves the right to

1632581

amend and supplement its defenses herein to assert additional defenses and to make further admission upon completion of further investigation and discovery.

**WHEREFORE**, defendant Eaton Corporation, as successor-in-interest to Eaton Electrical, Inc. and Cutler-Hammer, Inc. (improperly pled as Eaton Electrical, Inc., f/k/a Cutler Hammer), requests judgment in its favor dismissing the plaintiffs' Complaint, and for such other and further relief as the Court may deem just and proper.

## CROSSCLAIM

The defendant Eaton Corporation,  as successor-in-interest to Eaton Electrical, Inc. and Cutler-Hammer, Inc. (improperly pled as Eaton Electrical, Inc., f/k/a Cutler Hammer) ("Eaton"), by way of crossclaim against each named co-defendant says:

## FIRST COUNT

Without admitting any liability therein, Eaton asserts that should liability be found against said defendant, it is entitled to and hereby claims contribution from all co-defendants.

## SECOND COUNT

While Eaton denies that it is negligent or liable in any regard, it is certain that its negligence or liability, if any, was passive, vicarious and imputed, whereas the negligence or liability of the co-defendants was active and primary.

## THIRD COUNT

While denying any negligence or liability in this action, Eaton says that if there was any negligence or liability, then the negligence or liability of this defendant was secondary only and the negligence or liability of the co-defendants herein was primary.

Accordingly, the co-defendants are obligated by operation of law, contract and otherwise, to indemnify this defendant and hold this defendant harmless from any and all claims which are the subject of the plaintiffs' Complaint.

**WHEREFORE**, defendant Eaton Corporation, as successor-in-interest to Eaton Electrical, Inc. and Cutler-Hammer, Inc. (improperly pled as Eaton Electrical, Inc., f/k/a Cutler Hammer), demands judgment by way of indemnity against the co-defendants for any judgment which may be entered in favor of the plaintiffs against this defendant.

## ANSWER TO CROSSCLAIMS

The answering defendant denies any and all crossclaims filed or to be filed against it in the within action.

## JURY DEMAND

The answering defendant hereby demands a trial by jury on all issues.


Dated: August 19, 2011

/s/ Nancy McDonald
Nancy McDonald

1632581